IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELISA MARIE BAUMGARTNER,
and RYAN CHRISTOPHER
COX-BEDSWORTH,

        Plaintiffs,

    v.

DAVID ALAN MILES,

        Defendant.

Case No. 1:24-cv-01699-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiffs Elisa Marie Baumgartner and Ryan Christopher Cox-Bedsworth ("Plaintiffs"), proceeding *pro se*, bring this action against Defendant David Alan Miles ("Defendant"), alleging claims of quiet title, wire fraud, mail fraud, interstate transportation of stolen property, unjust enrichment, and emotional distress and coercion. Before the Court is Plaintiffs' Complaint and Application for Leave to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1–2. Because the Court lacks subject matter jurisdiction to hear Plaintiffs' claims, Plaintiffs' Application, ECF No. 2, is DENIED and Plaintiffs' Complaint, ECF No. 1, is DISMISSED. Also for those reasons, Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 4, is DENIED.

1 – ORDER

## LEGAL STANDARDS

To authorize a litigant to proceed IFP, the Court must make two determinations. First, the Court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, the Court must screen applications and dismiss any case that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* plaintiffs are construed liberally and afforded "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). The Court must give a *pro se* litigant "leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).

## DISCUSSION

Reading the Complaint liberally, it appears that this case involves a dispute over real property. *See* Pls.' Compl., ECF No. 1 ("Compl."). Generally, Plaintiffs allege that Plaintiff Baumgartner entered into a Stipulated Real Estate Agreement with Defendant, wherein Plaintiff Baumgartner was to refinance the home she co-owned, located at 2425 Bell Ct., Medford, Oregon, 97504 ("the Property").[1] *Id.* at Ex. 1. Plaintiffs allege that Defendant embezzled Plaintiffs' mortgage payments, filed a fraudulent quitclaim deed, and misrepresented his ownership status in the home to deceive Plaintiffs into paying rent to Defendant. *Id.* at 3–6. As discussed below, each

---

[1] Plaintiffs do not allege this fact, but the Court infers that Plaintiff Baumgartner and Defendant co-owned the property together during their marriage, and that the Agreement was intended to allow Plaintiff Baumgartner to stay in the home while pursuing avenues to divest Defendant of his ownership interest.

of Plaintiffs' claims is either not legally cognizable or unable to be addressed by this Court for lack of subject matter jurisdiction.[2] Accordingly, Plaintiffs' Application for Leave to Proceed IFP is DENIED. For the same reasons, Plaintiffs' Complaint is DISMISSED.

## I. Whether Plaintiffs Are Able to Pay Costs

Plaintiffs have demonstrated that they are unable to pay the costs of commencing this action under 28 U.S.C. § 1915(a)(1). *See* Pls.' App., ECF No. 2.

## II. Whether Plaintiffs' Claims are Frivolous, Malicious, or Fail to State a Claim

To survive an assessment under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume as true all factual allegations contained in the complaint, but need not accept legal conclusions as true if unsupported by facts. *Id.*

### a. Subject Matter Jurisdiction

Taking Plaintiffs' allegations as true, the Court lacks subject matter jurisdiction to hear Plaintiffs' claims. Plaintiffs assert both federal question and diversity subject matter jurisdiction. Compl. 2. Plaintiffs' asserted federal question jurisdiction fails because, as discussed below, the purported federal claims are not plausible. Additionally, the Court lacks diversity jurisdiction because, as discussed below, Plaintiffs have failed to allege more than $75,000 in controversy. *See*

---

[2] Plaintiffs filed a Motion for Preliminary Injunction, Motion for Temporary Restraining Order, and Request for Waiver of Bond on October 17, 2024. ECF No. 4. Though the Court must deny those Motions for lack of jurisdiction, the Court notes that those motions appear to be an attempt to circumvent valid state court proceedings, which is barred by the *Rooker-Feldman* doctrine. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923).

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

### b. Quiet Title

Plaintiffs assert that they "are entitled to quiet title in their favor[.]" Compl. 6. "In an action to quiet title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property *and that their title is superior to that of defendants*." *Howe v. Greenleaf*, 260 Or. App. 692, 320 P.3d 641, 646 (2014) (emphasis added) (internal quotations and citation omitted). Here, Plaintiffs allege that Plaintiff Baumgartner is a "legal co-owner" of the Property and that Plaintiff Cox-Bedsworth is a "co-investor/Leasee." Compl. 2–3. But Plaintiffs make no clear allegations as to Defendant's ownership rights. *See* Compl. Defendant appears to have some legal interest in the Property, as he executed a Stipulated Rental Agreement and was involved in the Property's mortgage. *See* Pls.' Compl., Ex. 1, at 1–2. Plaintiffs have not alleged that they have a superior title to the Property such that they are entitled to an action for quiet title against Defendant, so that claim is dismissed.

### c. Wire Fraud, Mail Fraud, and Interstate Transportation of Stolen Property

Plaintiffs allege claims for wire fraud under 18 U.S.C. § 1343, mail fraud under 18 U.S.C. § 1341, and interstate transportation of stolen property under 18 U.S.C. § 2314. Compl. 6. Each of those statutes are criminal statutes and do not provide a private right of action. Plaintiffs do not have plausible claims against Defendant based on those statutes, and those claims are dismissed with prejudice. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress.").

### d. Unjust Enrichment

Plaintiffs argue that "Defendant has been unjustly enriched by collecting rent and other financial benefits while falsely claiming sole ownership of the property and misrepresenting himself as Landlord to the Plaintiffs[.]" Compl. 6. A claim for unjust enrichment lies where "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it." *Winters v. Cnty. of Clatsop*, 210 Or. App. 417, 421 (2007). Here, Plaintiffs allege that Defendant "embezzle[d] mortgage payments," fraudulently had Plaintiff Baumgartner make "all 'rent' payments to him directly," and "kept all payments and concealed all evidence that [Plaintiff Baumgartner] was in fact, still a co-owner and co-borrower." Compl. 4–5. Plaintiffs further allege that a $3,400 refund check from a homeowner's insurance policy "was sent to Defendant by mistake," and that "Defendant kept the check" and used the money. Compl. 5–6. Plaintiffs do not allege the value of the allegedly embezzled payments, but it appears that an amount between $21,804.16 and $43,265.53 is in dispute, plus the $3,400 refund check. Compl. 4. Even construing the Complaint liberally, these amounts do not bring Plaintiffs above the threshold amount of $75,000 required for this Court to exercise diversity jurisdiction over this case. *See* 28 U.S.C. § 1332. Plaintiffs' claim for unjust enrichment is dismissed.

### e. Emotional Distress and Coercion

Finally, Plaintiffs allege that "Defendant's actions caused significant emotional distress[.]" Compl. 6. Emotional distress, in and of itself, is not a legal cause of action. Plaintiffs may sometimes recover damages for emotional distress caused by otherwise illegal conduct, but here, the Court may not entertain any such claims because it lacks subject matter jurisdiction.

5 – ORDER

## CONCLUSION

Because the Court lacks subject matter jurisdiction to hear Plaintiffs' claims, those claims are frivolous, and Plaintiffs' Application to Proceed IFP, ECF No. 2, is DENIED. Plaintiffs' Complaint, ECF No. 1, is DISMISSED. For the same reasons, Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 4, is dismissed.

IT IS SO ORDERED.

DATED this 6th day of November 2024.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge